[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner in this action has filed an Application to confirm Arbitration Award. Reference is made to the companion case of I. Lisa McCann vs. Daniel J. Abrahamson and Laurie AnnePearlman, Docket No. CV 97-63281 wherein the respondents filed an Application to Correct or Vacate Arbitration Award. These two cases were consolidated for hearing because they arise out of the same arbitration proceeding and factual background.
On November 10, 1988, the parties to this dispute executed a partnership agreement establishing a partnership known as the Center for Adult and Adolescent Psychotherapy (hereinafter partnership). The partnership agreement provided, in relevant part, the following.
 a. In paragraph 2: "the partnership shall be effective as of the date hereof and shall continue until dissolved in accordance with this agreement."
b. In paragraph 10: provision is made for "any interruption CT Page 9380 of the performance of any Partner's services to the Partnership or to its patients on account of any temporary incapacity or illness or any other reason not voluntary", for total temporary disability, for partial disability, and for the purchase of "the full value of his/her interest in said partnership", computed by the method set forth in paragraph 11, in the event of disability such a partner would not be able to resume practice within twelve months of the date of disability.
 c. Paragraph 11(a) provides for the purchase of a withdrawing partner's interest computed in the manner set forth in paragraph 11b which provides as follows: "In the event that a Partner withdraws, the remaining Partners shall pay to the withdrawing Partner, the value of the latter's interest in the partnership based on a percentage of the gross billings of the Center for a period of five (5) years from the date of withdrawal. The percentage shall be determined by the withdrawing Partner's years of service to the Center from July 1, 1988, as follows:
 0-1 year of service: one and one half (1.5%) percent; 1-2 years of service: two (2%) percent; 2-3 years of service: two and one half (2.5%) percent; and 3 or more years of service: three (3%) percent.
 The withdrawing Partner's interest in the partnership shall be paid to him/her in equal yearly installments over a period of five (5) years with the first payment being due and payable one year from the date of withdrawal. Said indebtedness shall be evidenced by a note signed by the remaining Partners and shall bear interest as the then current prime rate per annum, shall contain the usual clauses pertaining to attorney's fees and costs of collection in the event of a default and shall also contain a thirty (30) day default clause. Said note shall contain a provision for pre-payment at any time without penalty. Such payments shall be in complete liquidation of the withdrawing Partner's interest in said partnership. The withdrawing Partner shall have the right to examine the books and records of the partnership, and to make reasonable inquiries into work in process as of the date of the withdrawal, whether before or after the date of withdrawal."
d. Paragraph 14 provides that "The partnership shall be CT Page 9381 dissolved upon the demand of any of the Partners, in which event the Partners shall proceed with reasonable promptness to liquidate the partnership business. If the Partners are unable to agree upon the methods and details of liquidating the partnership business, the controversy shall be settled by arbitration under the rules and regulations of the American Arbitration Association in Hartford, Connecticut, and such findings shall be final and binding upon the parties hereto."
 e. Paragraph 16 provides that: "In the event of a controversy or claim arising out of this Agreement or the interpretation thereof which cannot be settled by the Partners or their legal representatives, it shall be settled by arbitration in Hartford, Connecticut, in accordance with the rules of the American Arbitration Association, and judgment of confirmation upon the award may be entered in a court having proper jurisdiction.
On or about June 14, 1991, Dr. McCann advised Dr. Pearlman and Dr. Abrahamson of certain personal and professional circumstances and requested a leave of absence.
On or about June 17, 1991, Dr. Pearlman and Dr. Abrahamson sent to Dr. McCann a Notice of Dissolution of Partnership as follows: "The undersigned LAURIE ANNE PEARLMAN AND DANIEL J. ABRAHAMSON, partners in The Center for Adult and Adolescent Psychotherapy in South Windsor, Connecticut, also known as the Traumatic Stress Institute, pursuant to Paragraph 14 of the Partnership Agreement between them and LISA McCANN dated July 1, 1988, as amended, hereby unite in dissolving said partnership [sic], effective immediately. Notice of this dissolution shall be provided by first class mail, postage prepaid, to LISA McCANN at her home."
After the parties were unable to negotiate a satisfactory dissolution of the partnership, I. Lisa McCann (hereinafter petitioner) filed a Demand for Arbitration in accordance with the partnership agreement, seeking a determination of her interest in the partnership.
The arbitrator was asked to determine the value of the petitioner's interest in the partnership. There was no record made of the proceedings before the arbitrator, Donald Lee Rome, Esq. Attorney Rome was selected by mutual agreement of the parties. CT Page 9382
The arbitrator was presented with expert testimony from both sides and counsel provided the arbitrator with briefs for his consideration.
The arbitrator rendered an award for the petitioner in the principal amount of $77,679 plus $43,693 interest for a total of $121,372. The award further provided that, as of March 1, 1997, interest on the total principal award or any unpaid balance thereof shall accrue at the rate of 10% per annum.
Standard of Review
Connecticut General Statutes § 52-148 (a) governs vacating arbitration awards. That statute provides:
 "Upon the application of any party to the arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects:
 1.) If the award has been procured by corruption, fraud or undue means;
 2.) If there has been evident partiality or corruption on the part of any arbitrator;
 3.) If the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or
 4.) If the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made."
The respondents' Application to Correct or Vacate Arbitration Award claims the award should be vacated under the following provisions.
 1.) C.G.S. § 52-418 (a)(4) in that the arbitrator exceeded his powers;
 2.) C.G.S. § 52-418 (a)(2) in that the arbitrator exhibited evident partiality; and CT Page 9383
 3.) C.G.S. § 52-418 (a)(3) in that the arbitrator refused to hear evidence pertinent and material to the controversy, thereby prejudicing the rights of the Respondents.
 Discussion of Issues
1. Did the arbitrator exceed his power?
The respondents claim that the scope of the submission was limited to a determination of the value of the petitioner's share of the partnership, and that in arriving at that determination, he could only consider the "method and details of liquidating the partnership business" as provided in Paragraph 14 of the agreement. Paragraph 16, however, further provides that "in the event of a controversy or claim arising out of this agreement or the interpretation thereof which cannot be settled by the partners . . . it shall be settled by arbitration . . . ."
In this case the parties submitted the question of valuation of the partner's share and the award did precisely that, including apparently, consideration of the "methods and details" of liquidating the business.
With respect to the award of interest, it appears from the arbitrator's decision, that he accepted expert testimony from the petitioner's expert witness, David Marcus, as to valuation which included interest when he found the respondents failure to pay interest to the petitioner from 1991 was wrongful. The wrongful detention of money is a valid ground to award interest as well.Loomis Institute v. Windsor, 234 Conn. 169 (1995).
In sum, the respondents have not carried their burden of persuasion that the arbitrator exceeded the scope of the submission.
2. Was there evident partiality on the part of the arbitrator?
The respondents claim the arbitrator exhibited partiality by crediting the petitioner's claims including the valuation testimony of her expert, while not giving credence to the respondents' position.
This is simply an unsubstantiated claim and requires little discussion. It is the arbitrator's function to determine CT Page 9384 credibility and to assess the evidence presented. Dissatisfaction with the result cannot be equated to a finding of partiality. This claim is without merit.
3. Did the arbitrator wrongfully refuse to receive materialevidence thereby depriving the respondents of a full and fairhearing?
The respondents argue that the arbitrator would only take evidence about monetary damages the actions of the petitioner may have caused the partnership's practice, and refused to hear evidence regarding non-quantifiable damages the practice may have suffered as a result of the petitioner's actions.
As a general rule, arbitrators have broad discretion in determining the admissibility of evidence and the rulings of the arbitrator, even if accepted as stated by the respondents would not appear to warrant vacating the award on the grounds that the respondents were deprived of a full and fair hearing. Clairol,Inc. v. Enertrac Corp., 44 Conn. App. 506, 513, 515 (1997).
A party cannot object to an award which accomplishes what the arbitrator was supposed to decide (in this case, the valuation of a partnership interest) because the results were unfavorable.Saturn Construction Co. v. Premier Roofing Co., 238 Conn. 293
(1996).
Accordingly, in Docket No. 63721, the petitioners Application to Confirm Arbitration Award is granted.
In Docket No. 63281, the respondents Petition to Correct or Vacate the Arbitration Award is denied.
Klaczak, J.